# WACHTEL MISSRY LLP

ONE DAG HAMMARSKJOLD PLAZA
885 SECOND AVENUE
NEW YORK, NEW YORK 10017

TELEPHONE: (212) 909-9500
FACSIMILE: (212) 371-0320

EUROPEAN OFFICE
VIA PIER CAPPONI, 19
FLORENCE, ITALY 50132
TELEPHONE: (39) (055) 5048366
FACSIMILE: (39) (055) 5031698

CALIFORNIA OFFICE
2030 MAIN STREET, 12TH FLOOR
IRVINE, CA 92614
TELEPHONE: (949) 660-8824
FACSIMILE: (949) 679-4841

WILLIAM B. WACHTEL
PARTNER
DIRECT DIAL: (212) 909-9595
DIRECT FAX: (212) 909-9450
wachtel@wmllp.com

August 12, 2013

VIA FEDEX
The Honorable Leo E. Strine, Jr.
Chancellor
Court of Chancery
New Castle County Courthouse
500 North King Street, Suite 11400
Wilmington, Delaware 19801

Re:  Dalia Genger as Trustee v. TR Investors, LLC, et al.
     Civil Action No. 6906-CS

Dear Chancellor Strine:

We are counsel to Orly Genger in various actions pending in the State of New York. We have reviewed the transcript of the Status Conference held in this case on August 1, 2013, and we are grateful to your Honor for giving Orly the opportunity to express her position with respect to the matters pending before the Court of Chancery. Orly is particularly appreciative of your Honor's efforts to keep Orly informed of developments in this case because Dalia Genger, despite being Orly's mother and the Trustee of the Orly Trust, has chosen not to communicate with Orly for many years.

We note from the Status Conference transcript your directive to counsel for Dalia and TPR to file weekly reports and for Dalia's counsel to inform the Court "whether Dalia is willing to step out of the trust." p. 26, l. 1-5. Although Dalia's counsel has filed a report with the Court, she has not responded to that question. We had hoped that Dalia would not ignore your Honor's directive, but we are far from surprised. Judges in the New York Surrogate's Court and Supreme Court have likewise asked Dalia what possible reason she has to stay on as trustee of her 34 year old daughter's trust. We can imagine no possible motivation except to aid Sagi, to Orly's detriment.

Perhaps your honor will be able, once and for all, to extract from Dalia an answer to the riddle as to why she will not resign. Were she to resign, it would instantaneously facilitate the dismissal of the last remaining Genger related case in Delaware. It would also serve as an enormous impetus for all remaining actions in NY to be disposed of as well.

The Honorable Leo E. Strine, Jr.
August 12, 2013
Page 2 of 3

Although we do not wish to burden your Honor with everything that is transpiring before the New York courts, we set forth this brief summary in order to respond to your Honor's inquiries, and to make clear Orly's position that Dalia is not acting in Orly's best interests or in the best interests of the Orly Trust.

### The Orly Shares and the Proceeds of their Sale

We wish to confirm to your Honor that Orly has indeed settled all disputes between her and the Trump Group. As part of that settlement, Orly has acknowledged individually and in her capacity as the beneficiary of her trust that the Trump Group are the record and beneficial owners of the TRI shares which had been distributed to the Orly Trust. Orly has <u>not</u>, however, abandoned her claim to the <u>proceeds</u> of the sale of those shares against TPR and Sagi, nor to her other damage claims against TPR and Sagi, some of which are discussed below.

Your Honor observed that, by claiming an entitlement to the proceeds of the sale of the Orly Trust shares, Sagi and TPR are seeking a "Powerball award." Your Honor has actually understated Sagi's cupidity:

- TPR sold the Sagi Trust shares to the Trump Group for $27 million, but TPR never listed those shares on its tax returns as an asset, and the $27 million was never reported by TPR as income. Despite diligent attempts at discovery in New York, we have been unable to learn what became of that $27 million.

- TPR is also claiming ownership of the proceeds of the sale of the Arie shares, a matter which is now being litigated in New York.

- Not content with attempting to seize the proceeds of the sale of <u>all</u> of the TRI shares (*i.e.*, the Arie shares, Orly Trust shares and Sagi Trust shares), Sagi and TPR have also moved in the New York courts to take from Orly the monetary proceeds of her settlement with the Trump Group. Relying on the dubious basis that the Sagi Trust is a contingent remainderman of the Orly Trust, TPR is claiming that the monies paid by the Trump Group to Orly in its settlement should be paid not to Orly but to the Orly Trust, so that those funds will be under Dalia's control.

### Dalia's Collusion with Sagi and TPR

In this regard, it is worth mentioning that Orly at one time indirectly (through the Orly Trust) controlled 49% of TPR. Sagi and Dalia conspired to rob her of that interest through a sham UCC foreclosure, of which Dalia, who knew of the foreclosure, never gave Orly notice. Orly is suing Dalia and Sagi in New York to recover her interest in TPR. The New York Supreme Court has, on two separate occasions, denied motions by Dalia and Sagi for summary

judgment in that case, and has granted Orly a preliminary injunction, recognizing her likelihood of success on her claims.

### Dalia's and TPR's Collusive "Settlement"

In the conference before your Honor, Mr. Dellaportas, counsel for TPR, referred to a purported "settlement" between TPR and the Orly Trust. What your Honor should understand is that this "settlement" was structured entirely between the defendants in the lawsuit, referred to above, which was brought by Orly against Dalia and TPR. Orly was not involved in, or even made aware of, that so-called "settlement," which TPR, Sagi, Dalia, and their counsel kept secret from Orly, her counsel and the New York courts, until they tried to use it to obtain dismissal of Orly's lawsuit. Not surprisingly, the New York Supreme Court found the purported settlement to be illegal and unenforceable, and imposed sanctions for their collusive attempt to defeat Orly's claims. A copy of that decision (which they have appealed) is enclosed for your Honor's convenience.

This collusive "settlement" not only purported to release Orly's claims against Dalia and Sagi, including her claims, individually and on behalf of the Orly Trust, to recover the Trust's interest in TPR and her rightful share of the proceeds of the TRI shares, it also burdened the Orly Trust with a $4 million promissory note to TPR, which TPR turned around and assigned to a shadowy entity called "Manhattan Safety Co." which is allegedly incorporated in St. Kitts and which lists as its only address a golf course.

\* \* \*

In settling with the Trump Group, Orly had hoped that this might begin a process whereby the rifts among members of the Genger family might finally be healed, but sadly, the continuing actions of Dalia and of Orly's brother, Sagi, have prevented that. Accordingly, Orly believes that any litigation involving the proceeds from the sale of the Orly Trust shares should be heard in New York, where Orly can be heard and can protect her own interests. For the same reason, the proceeds of the sale of the Orly shares should be deposited with the court in New York until that court resolves the parties' disputes.

Respectfully yours,

William B. Wachtel

cc: VIA FEDEX
    Jeremy D. Anderson, Esq.
    Thomas Allingham II, Esq.
    Amy M. Dudash, Esq.
    John Dellaportas, Esq.

# WACHTEL MISSRY LLP

ONE DAG HAMMARSKJOLD PLAZA
885 SECOND AVENUE
NEW YORK, NEW YORK 10017

TELEPHONE: (212) 909-9500
FACSIMILE: (212) 371-0320

EUROPEAN OFFICE
VIA PIER CAPPONI, 19
FLORENCE, ITALY 50132
TELEPHONE: (39) (055) 5048366
FACSIMILE: (39) (055) 5031698

CALIFORNIA OFFICE
2030 MAIN STREET, 12TH FLOOR
IRVINE, CA 92614
TELEPHONE: (949) 660-8824
FACSIMILE: (949) 679-4841

WILLIAM B. WACHTEL
PARTNER
DIRECT DIAL: (212) 909-9595
DIRECT FAX: (212) 909-9450
wachtel@wmllp.com

August 26, 2013

The Honorable Leo E. Strine, Jr.
Chancellor
Court of Chancery
New Castle County Courthouse
500 North King Street, Suite 11400
Wilmington, Delaware 19801

      Re:    Dalia Genger as Trustee v. TR Investors, LLC, et al.
               Civil Action No. 6906-CS

Dear Chancellor Strine:

      We are counsel to Orly Genger in various actions pending in the State of New York. We write to follow up on certain matters we addressed in our letter to your Honor dated August 12, 2013:

      1.    We note that Dalia Genger's August 16 Status Report to your Honor stated that she would not resign as Trustee of the Orly Genger Trust, but would not give a reason. For the reasons discussed in our prior letter, we can only conclude that her motivation is to continue to help her son Sagi to the detriment of her daughter Orly, the beneficiary of the Orly Trust. That help is designed to assist Sagi in his ongoing efforts to take for his own benefit the proceeds of the sale of both the Arie Shares and the Orly Shares (what your Honor referred to as "winning the Powerball").

      2.    Dalia's August 23 Status report incompletely describes certain discussions between our office and Dalia's New York counsel. In an effort to facilitate the resolution of the matters pending before your Honor, we reviewed the draft Stipulation which the parties to this case had drafted, which would dismiss with prejudice the claims between the Orly Trust and the Trump Group, and dismiss without prejudice TPR's claim to the proceeds of that sale (the "Sale Proceeds"). We were told (as was the Court) by Dalia's New York counsel that Dalia would not

The Honorable Leo E. Strine, Jr.
August 22, 2013
Page 2 of 2

execute the Stipulation without Orly's consent. We requested certain revisions to the Stipulation, including an explicit recital that this Court had made no findings as to the ownership of the Sale Proceeds, an issue which would be adjudicated in New York. The Trump Group agreed to modify the Stipulation as we requested, and we had every reason to believe that Dalia would consent as well, because we modified the draft Stipulation to accommodate Dalia's counsel's concerns. Dalia's counsel suddenly told us in the middle of last week that Dalia needed more time to consider the issue. Over this past weekend, Dalia's counsel told us that the language we had proposed was not acceptable to TPR (*i.e.*, to Sagi). Dalia's counsel has not articulated any other reason why our proposed language is no longer acceptable to Dalia, and we believe that it accommodates both Dalia's concerns and the needs of the Trumps. (A copy of the draft Stipulation is enclosed for your Honor's convenience.)

Orly's counsel remains available to the Court if we can assist in any way in resolving this matter.

Respectfully yours,

William B. Wachtel

Cc(w/ encl): Jeremy D. Anderson, Esq.
   Thomas Allingham III, Esq.
   Amy M. Dudash, Esq.
   John Dellaportas, Esq.

1163599.1

## IN THE COURT OF CHANCERY FOR THE STATE OF DELAWARE

| | |
|---|---|
| DALIA GENGER, as Trustee of the Orly Genger 1993 Trust, | : : : |
| Plaintiff, | : : |
| v. | : : |
| TR INVESTORS, LLC, GLENCLOVA INVESTMENT CO., NEW TR EQUITY I, LLC, NEW TR EQUITY II, LLC, TRANS-RESOURCES, INC., and TPR INVESTMENT ASSOCIATES, INC. | : : : : : : |
| Defendants. | : : |
| TR INVESTORS, LLC, GLENCLOVA INVESTMENT CO., NEW TR EQUITY I, LLC, NEW TR EQUITY II, LLC, and TRANS-RESOURCES, INC., | : : : : : |
| Counterclaim and Crossclaim Plaintiffs, | : : : |
| v. | : : |
| DALIA GENGER, as Trustee of the Orly Genger 1993 Trust, | : : : |
| Counterclaim Defendant, | : : |
| and | : : |
| TPR INVESTMENT ASSOCIATES, INC., | : : |
| Crossclaim Defendant | : : |
| TPR INVESTMENT ASSOCIATES, INC., Counterclaim and Crossclaim Plaintiff, | : : : : |

C.A. No. 6906-CS

|  |  |
|---|---|
| v. | : |
|  | : |
| DALIA GENGER, as Trustee of the | : |
| Orly Genger 1993 Trust, | : |
|  | : |
| Counterclaim Defendant, | : |
|  | : |
| and | : |
|  | : |
| TR INVESTORS, LLC, GLENCLOVA | : |
| INVESTMENT CO., NEW TR EQUITY I, | : |
| LLC, NEW TR EQUITY II, LLC, and | : |
| TRANS-RESOURCES, INC., | : |
|  | : |
| Crossclaim Defendant | : |

## STIPULATION OF DISMISSAL

Plaintiff/Counterclaim Defendant Dalia Genger, as Trustee of the Orly Genger 1993 Trust (the "Trustee of the Orly Trust"), Defendants/Counterclaim and Crossclaim Plaintiffs/Crossclaim Defendants TR Investors, LLC, Glenclova Investment Co., New TR Equity I, LLC, New TR Equity II, LLC and Trans-Resources, Inc. (collectively, the "Trump Group") and Defendant/Counterclaim and Crossclaim Plaintiff/Crossclaim Defendant TPR Investment Associates, Inc. ("TPR"), through the undersigned counsel, pursuant to Chancery Court Rules 41(a)(1)(ii) and 41(1)(c), hereby stipulate and agree as follows:

1. In the action styled *TR Investors, LLC, et al. v. Genger*, C.A. No. 3994-CS (the "3994 Action"), the Court found that (i) the transfers in October 2004 of Trans-Resources, Inc. ("Trans-Resources) stock out of TPR were in violation of the March 2001 Stockholders Agreement among Trans-Resources, TPR, TR Investors, LLC and Glenclova Investment Co., (ii) the transfers were void and the stock reverted to TPR, and (iii) the Trump Group had the right to buy all of the improperly transferred Trans-Resources stock from TPR.

These determinations and findings were essential to the Court's determinations and findings in the 3994 Action.

2. The Trump Group, having closed on the purchase of the so-called Orly Trust Shares (representing 1102.8 shares of Trans-Resources stock) pursuant to and under the terms of the Side Letter Agreement between TPR and the Trump Group entered into in August 2008, as was the Trump Group's right under that agreement, owns, for all purposes, all right, title and interest (beneficially, of record and otherwise) to the shares of Trans-Resources purportedly transferred by TPR to the Orly Genger 1993 Trust. As a result, the Trump Group owns, for all purposes, all right, title and interest (beneficially, of record and otherwise) to all authorized and issued shares of Trans-Resources.[1]

3. Nothing contained herein shall be construed in any manner whatsoever as a determination, directly or indirectly, as to which party or parties have a beneficial interest in, and/or entitlement or right to, the proceeds paid by the Trump Group pursuant to the Side Letter Agreement.

4. The $10,314,005 plus accrued interest in proceeds from the sale referenced in paragraph 2 above currently held in escrow (the "Sale Proceeds") shall remain in escrow, pursuant to that Escrow Agreement between and among all of the parties hereto, Orly Genger, as beneficiary of the Orly Trust, and Pedowitz & Meister LLP, as escrow agent, until such time as the parties to such Escrow Agreement jointly agree on the disposition of the Sale

---

[1] This amount equals 5,676.4428 Trans-Resources shares and includes all of the shares that were determined to be owned by the Trump Group in the 3994 Action, in the action captioned *TR Investors v. Genger*, C.A. No. 6697-CS (Del. Ch.) and that are the subject of the above-captioned litigation.

Proceeds, or as a court in New York shall otherwise direct, provided that the escrow agent may interplead the Sales Proceeds into such a court.

5. The claims brought on behalf of the Orly Genger 1993 Trust by the Trustee of the Orly Trust against the Trump Group are dismissed with prejudice and the claims brought by the Trump Group against the Orly Trust and TPR are dismissed with prejudice.

6. The claims brought by TPR for the Sale Proceeds against the Trustee of the Orly Trust and the Trump Group are dismissed without prejudice.

7. Each party shall bear its own costs.

/s/_____
Thomas J. Allingham II (I.D. No. 476)
Anthony W. Clark (I.D. No. 2015)
Douglas D. Herrmann (I.D. No. 4872)
Amy C. Huffman (I.D. No. 5022)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899-0636
(302) 651-3000

*Attorneys for TR Investors, LLC, Glenclova Investment Co., New TR Equity I, LLC, New TR Equity II, LLC, and Trans-Resources, Inc.*

/s/_____
Colm F. Connolly (I.D. No. 3151)
Amy M. Dudash (#5741)
MORGAN, LEWIS & BOCKIUS LLP
The Nemours Building
1007 North Orange Street
Suite 501
Wilmington, Delaware 19801
(302) 574-3000

*Attorneys for TPR Investment Associates, Inc.*

/s/_____
Jeremy D. Anderson (I.D. No. 4515)
Joseph B. Warden (I.D. No. 5401)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, Delaware  19899

*Attorneys for Dalia Genger, as Trustee of the Orly Genger 1993 Trust*

IT IS SO ORDERED this _____ day of _____, 2013.

                                                                                  _____
                                                                                  Chancellor Leo E. Strine, Jr.